## Henry L. Barker *vs.* George W. Collins.

*Case—Negligence—Damages for loss of lot of Wood—Fire caused by Sparks from Traction Engine—Evidence—Damages.*

1. In an action for damages for loss of lot of wood caused by fire started from sparks emitted from defendant's traction engine, the plaintiff cannot show what the engine was doing the day before.

2. When the single point of negligence relied upon in the plaintiff's declaration is a defective or imperfect spark arrester, he must recover for that negligence or not at all. If from any other cause the sparks passed from the engine the plaintiff could not recover. The negligence which he has alleged is the only negligence which the defendant comes prepared to meet, and upon which the plaintiff may recover.

*(April* 11, 1906.)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*R. C. White* and *C. W. Cullen* for plaintiff.

*Andrew J. Lynch* for defendant.

Superior Court, Sussex County, April Term, 1906.

Action on the case (No. 42, October Term, 1904), to recover the value of 350 cords of pine wood alleged to have been burned and destroyed on June 21, 1905, on and along the road leading from Marvel's Tan Yard to Stockley Station, in Dagsboro Hundred, through the negligence of the defendant in using an improper and insufficient spark arrester on his traction engine, whereby, while passing along said road, sparks were emitted from the smoke stack of said engine, setting fire to and destroying said cord wood.

At the trial, one of plaintiff's witnesses testified that he saw the engine at the time it was passing along the road by the place where the plaintiff's wood was stored and that the engine was then throwing out fire from the smoke stack so that he could see it, it being a bright sunshiny day, and that if it had been night it would have been raining fire; that he saw the said sparks of fire drop near the wood and begin to burn and spread so that in a short time the entire wood was consumed. Another witness

was produced on behalf of the plaintiff and asked the following questions: "Did you see the traction engine of Mr. George W. Collins, the defendant, on or about the 21st day of June, 1905? A. I don't know that I saw her that day but I saw her pass through my place, which was about a half mile from the place where the fire occurred, sometime along in the afternoon on the day before the fire took place in Mr. Barker's wood."

Q. What did you see the engine doing there that day?

(Objected to by counsel for defendant as irrelevant. Counsel for plaintiff stated that they were prepared to follow the evidence up and show that the day before the fire occurred, sparks were emitted from the engine in the same way; that if there had been a proper spark arrester, the fire would not have taken place).

LORE, C. J.:—The Court have very often ruled in damage suits that in order to admit testimony as to the condition of a machine, for instance, a few days prior to the happening of the injury resulting from some alleged defect therein, the party must be prepared to follow it up and show that the machine was in the same condition as at the time of the injuries. It might be so close to the time, as to make it admissible. But in this case we think that it is too remote, and therefore sustain the objection.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by Henry L. Barker, the plaintiff, against George W. Collins, the defendant, to recover damages for the destruction of 350 cords of pine wood which he alleges belonged to him and was on land along the road leading from Marvel's Tan Yard to Stockley Station in Dagsboro Hundred in this county.

He claims that it was destroyed by reason of the negligence of the defendant, and that that negligence consisted in this; that while what is known as a traction engine—or a steam locomotive engine of the traction variety—owned by the defendant, was passing along the road on that day, the sparks from the same set on fire the wood and thereby it was destroyed.

The negligence upon which the plaintiff relies, and upon which alone he may recover in this Court, is set out in his declaration, in substance as follows: that the defendant Collins, on the 21st day of June, 1904, so carelessly and negligently managed, used and directed his steam locomotive engine in this, to wit, that the defendant at the time aforesaid negligently and carelessly used and then and there placed upon his steam locomotive engine a defective and imperfect spark arrester, whereby on account of the said negligence and carelessness divers sparks of fire and divers portions of fire and igneous matter passed and flew out of the said steam locomotive engine and communicated to the pine wood which then and there became ignited and was destroyed.

You will notice that in the declaration the single point of negligence relied upon is a defective or imperfect spark arrester. This reduces this case to a very narrow compass.

The first point to which we direct your attention is: Was the wood set on fire by sparks emanating from the defendant's engine? If it was not, unquestionably the plaintiff cannot recover in this case. But if upon a careful consideration of the evidence you should be satisfied that the fire was communicated to the wood by sparks from that engine, you will further inquire whether the fire was so communicated by reason of a defective or imperfect spark arrester; for in this case the plantiff can only recover in case the fire or sparks did pass from the engine to the wood by reason of a defective or imperfect spark arrester. If from any other cause the sparks passed from the engine, the plaintiff could not recover in this case. He has so limited his case, and upon that case he must stand. The negligence which he has alleged is the only negligence which the defendant comes here prepared to meet, and upon which the plaintiff may recover.

For the plaintiff to recover in this case, therefore, you must be satisfied of two things; first, that the fire did come from the engine, and second, that it came from the engine only by reason of a defective or imperfect spark arrester; and if you are not satisfied from the evidence upon both of those points, the plaintiff cannot recover. If you are satisfied, however, that both of

those charges have been proved, the plaintiff is entitled to recover whatever was the value of the wood proved in this case to have been destroyed.

This is a question of negligence. If there be no negligence, the plaintiff cannot recover. Negligence is never presumed; it must be proved; and the burden of proving it is upon the plaintiff.

You are to take this testimony, therefore, and carefully weigh it, and if you are satisfied from a preponderance of the testimony that these two points which I have named are proved, —that the fire came from the engine and that it came from the engine because of a defective spark arrester—then the plaintiff should recover; and if you are not satisfied upon either of these points, your verdict should be for the defendant.

Verdict for plaintiff for $193.42.